IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

UNITED STATES OF AMERICA,   )
              )  Criminal No. 4:22-cr-00580-JD-1
    v.         )
              )
BHAGAVAN MAHAMAYAVI ANTLE, )
a/k/a "Kevin Antle,"      )
a/k/a "Doc Antle,"       )
              )
      Defendant   )
              )
              )
_____)

**AMENDED VERIFIED STATEMENT OF INTEREST OF SUGRIVA CO, LLC**

Sugriva Co., LLC ("Petitioner") files this verified claim of interest and/or ownership in the following property:

   Adult Male Chimpanzee a/k/a "Joey"
   Male Chimpanzee "Angada"
   Female Chimpanzee "Tara";
   Female Chimpanzee "Vanera"

Petitioner respectfully petitions this Court to recognize Petitioner's legal interest in the above-described chimpanzees, and to amend the preliminary order of forfeiture to exclude said chimpanzees. In support of this Petition, Petitioner states as follows:

**BACKGROUND**

1. The United States initially charged Antle with conspiracy to violate the Lacey Act and conspiracy to commit money laundering, with the original indictment identifying "All fish or wildlife or plants imported, exported, transported, sold, received, acquired, or purchased contrary to the provisions of Title 16, Section 3372 or any regulation issued pursuant thereto" as subject to forfeiture. (Dkt. 62).

2. On July 1, 2022, the Government filed its Bill of Particulars for Forfeiture of Property,

1

which identified only monetary assets for forfeiture, including cashier's checks and bank account funds totaling over $1,000,000. (Dkt. 81)

3.     Significantly, no animals or chimpanzees were listed in this initial forfeiture bill. (Dkt. 81).

4.     Late in the proceedings, the Government, having already abandoned its Lacey Act forfeiture of the Chimpanzees, stated its intent to obtain forfeiture of the Chimpanzees solely based on the money laundering charge, fundamentally altering the scope and basis of the forfeiture action. (*See* Information at Dkt. 223, pg. 9-10).

5.     On January 16, 2024, the Court ordered forfeiture of Andrew Sawyer's interest in a chimpanzee known as "Joey". (Dkt. 254).

6.     On May 28, 2025, this Court entered a Preliminary Order of Forfeiture (Dkt. 307), ordering the forfeiture of certain property to the United States, including three chimpanzees specifically identified as:

   a.   Angada: approximately 6-year-old male chimpanzee born June/July 2019;
   b.   Tara: approximately 5-year-old female chimpanzee born March/April 2020; and
   c.   Vanara: approximately 4-year-old female chimpanzee born March/April 2022.

7.     Notices were published at forfeiture.gov on July 8, 2025 (Joey) and July 11, 2025 (remaining Chimpanzees), and this petition is filed within sixty (60) days of such notice as required by 21 U.S.C. § 853(n)(2) and Federal Rule of Criminal Procedure 32.2(c)(1)(A).

8.     Petitioner has standing to challenge this forfeiture under 21 U.S.C. § 853(n)(6)(B) as set forth below.

9.     On January 16, 2024, this Court entered a Preliminary Order of Forfeiture as to Andrew Jon Sawyer, ordering the forfeiture of an adult male chimpanzee known as "Joey." (See Dkt. # 254.)

10.    On May 28, 2025, this Court entered a Preliminary Order of Forfeiture as to Bhagavan Mahamayavi Antle, ordering the forfeiture of three chimpanzees: a male chimpanzee known as "Angada"; a female chimpanzee known as "Tara"; and a female chimpanzee known as "Vanera".

2

(See Dkt. # 307.) All four chimpanzees are referred to as "the chimpanzees" or "Subject Property".

11.     On August 15, 2025, Petitioner filed a Verified Statement of Interest in the Chimpanzees.

12.     The Government then filed a motion to dismiss Petitioner's Verified Statement of Interest.

13.     On June 12, 2026, the Court granted the Government's motion in part, and denied the Government's motion in part. The Court then allowed Petitioner 14 days to amend Petition for Third-Party Interest in Forfeited Property. (ECF No. 392).

14.     This deadline was extended by 10 days. (ECF 394).

## GROUNDS FOR CLAIM

15.     I, China York, am a citizen of the United States and a resident of Myrtle Beach, South Carolina.

16.     Pursuant to 21 U.S.C. § 853(n)(3), this Petition is signed by the Petitioner under penalty of perjury and sets forth the nature and extent of Petitioner's right, title, and interest in the Subject Property, the time and circumstances of Petitioner's acquisition of the right, title, and interest in the Subject Property, additional facts supporting Petitioner's claim, and the relief sought.

17.     Sugriva Co. LLC, which was established in October 2022, is the licensed entity responsible for the care and daily operations of the animal facility known as the Myrtle Beach Safari. Sugriva Co. holds the USDA license. From October 2022 until August of 2025, Sugriva Co. had custody of the four chimpanzees: Joey, Angada, Tara, and Vanara.

18.     Although the custody was obtained after the initial arrest of Antle, Petitioner went through the proper legal hurdles to obtain an ownership interest in the Chimpanzees.

19.     The Government was aware of this transfer of the Chimpanzees. The Government initially objected to the proposed transfer, and raised the issue at a bond hearing. (Dkt. 168).

3

20.     Counsel for Antle indicated that they were "not trying to do anything nefarious" but their needed to be a plan for someone to take over responsibility of the Chimpanzees. (Dkt. 168, pg. 33, ll. 12-17).

21.     Antle's attorney explained the following:

> MR. BEASLEY: Your Honor, there is no money amount. They are just transferring the ownership of the animals, that is all it is. That is what the USDA license requires for her to be able to take care of those animals, and keep them alive, and continue the business, that is the whole thing. That is the whole point of it.

(Dkt 168, pg. 36, ll. 17-23).

22.     At this hearing, Judge Rogers did not prohibit the transfer of any of the animals. (Dkt. 168, pg. 41-42).

23.     Sugriva proceeded with its plan to obtain a license through the USDA.

24.     Although the Government initially opposed the transfer, they acquiesced to it after the bond hearing.

25.     The USDA Exhibitor's permit was issued.

26.     Upon information and belief, the Government condoned and adopted the decision of the USDA in allowing Petitioner to take possession of the property.

27.     Part of the requirement to obtain the USDA license is taking on the significant investment of time and money into caring for the animals.

28.     Petitioner invested time, money, and energy into caring for the chimpanzees based upon the Government's position concerning the USDA license.

29.     At this time of the Government's acquiescence to the USDA license, the bill of particulars for the forfeiture did not include a claim for the animals. (Dkt. 81).

30.     Additionally, the Petitioner learned through secondhand sources that the Government had been telling Antle's attorneys that they did not plan to take the chimps.

4

31. Although Petitioner never truly bought the animals in violation of the law, Petitioner believes that Petitioner qualifies as a bona fide purchaser for value. The chimpanzees were transferred to Petitioner with the understanding by the Government that Petitioner would invest time and money to care for the chimpanzees. But for Petitioner's ability to provide sufficient care for the animals, the Government would not have condoned the transfer and would have attempted to seize possession of them at that time. The Government allowed the transfer of the otherwise abandoned Chimpanzees conditioned on Petitioner's agreement to provide care for them.

32. Certainly the care of the Chimpanzees was of value to the Government.

33. Petitioner has an equitable interest in all of the Chimpanzees due to the goods and services provided to them.

34. Pursuant to the common law doctrine of the law of finds, Petitioner gained legal ownership of Angada, Tara, and Vanera when Petitioner took possession of the animals and was granted a USDA license. Petitioner was aware of Antle's intention of giving up ownership in the Chimpanzees. (Dkt 168, pg. 36, ll. 17-23). Additionally, at that time the Government was not seeking forfeiture of the animals. Therefore, Petitioner would have had legal right of ownership when they took possession.

35. Pursuant to the common law doctrine of the law of finds, Petitioner gained legal ownership of Joey when Petitioner took possession of the animals and was granted a USDA license. Petitioner was aware that Andrew Sawyer had abandoned any claim to Joey. Petitioner was also aware that Antle was abandoning any ownership interest in Joey. Additionally, at that time the Government was not seeking forfeiture of the animals. Therefore, Petitioner would have had legal right of ownership when they took possession.

36.    Petitioner's legal interest is superior to the Government and any other party, person, organization, or agency that would claim the right to forfeit and seize the animals on any ground, particularly the money laundering forfeiture statutes.

37.    Petitioner also has an equitable interest in the Chimpanzees; because the return to Petitioner's care is what is in the best interests of the Chimpanzees.

38.    The Chimpanzees themselves are highly social animals and developed relationships like humans. *See* Escribano D, Doldán-Martelli V, Cronin KA, Haun DBM, van Leeuwen EJC, Cuesta JA, Sánchez A. "Chimpanzees organize their social relationships like humans". *Sci Rep.* 2022 Oct 5;12(1):16641.

39.    The Chimpanzees in question developed into a family unit at Petitioner's park.

40.    Petitioner maintains that the Government's removal of the animals was harmful to them.

41.    Joey became part of the chimpanzee family unit at Myrtle Beach Safari in or around December 2016. For nearly nine years, Joey lived in close daily association with the other adult chimpanzees. Angada, Tara, and Vanara arrived at Myrtle Beach Safari shortly after birth and, within days, were introduced into the chimpanzee family unit. The adult chimpanzees regularly interacted with, comforted, protected, and participated in the care of Angada, Tara, and Vanara. Those three chimpanzees were raised at the Preserve and had no prior home or chimpanzee social group outside of Myrtle Beach Safari.

42.    The later separation of that family unit, including the relocation of four chimpanzees to Florida, disrupted the established social relationships among the four chimpanzees who remained at Myrtle Beach Safari.

43.    Petitioner maintains that the removal and separation of the Angada, Tara, and Vanara was harmful to them. Additionally, the government harmed the remaining chimpanzees by removing Angada, Tara, and Vanara.

6

44.     Pursuant to Federal Rule of Criminal Procedure 32.2(c)(1), Petitioner requests that this

Court conduct an ancillary proceeding to determine Petitioner's rights in the Subject Property.

WHEREFORE, Petitioner respectfully requests that this Honorable Court:

A. Schedule a hearing pursuant to 21 U.S.C. § 853(n)(4) and Federal Rule of Criminal Procedure 32.2(c) to allow Petitioner to present evidence in support of this Petition;

B. Find that Petitioner has established by a preponderance of the evidence a legal right, title, or interest in the Subject Property that renders the orders of forfeiture invalid in whole or in part;

C. Amend the Preliminary Orders of Forfeiture to exclude the Subject Property in which Petitioner has established a legal interest; and

D. Grant such other and further relief as this Court deems just and proper.

Respectfully Submitted,

_____s/ Tristan Shaffer_____
Tristan M. Shaffer (Federal ID 11475)

Stuart Mark Axelrod (Federal ID 7072)
Axelrod & Associates, P.A.
4701 Oleander Drive
Myrtle Beach, SC 29577

Attorneys for Sugriva Co. LLC

Dated: July 6, 2026

## VERIFICATION

I, China York, hereby declare that I have read the verified claim. I verify and declare under penalty of perjury that the foregoing is true and correct. Executed this 6th day of July, 2026, in Myrtle Beach, South Carolina.

China York, as authorized agent and
representative of Sugriva Co., LLC

1