**IN THE DISTRICT COURT OF THE UNITED STATES**
**DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

**UNITED STATES OF AMERICA,**                    Criminal No.: **4:22-CR-00580-JD**

        **PLAINTIFF,**

   **vs.**

**BHAGAVAN MAHAMAYAVI ANTLE,**
**a/k/a KEVIN ANTLE,**
**a/k/a DOC ANTLE,**

        **DEFENDANT.**

                              /

**SUGRIVA CO., LLC,**

        **PETITIONER.**

                              /

**UNITED STATES' MOTION TO DISMISS AMENDED**
**VERIFIED STATEMENT OF INTEREST OF SUGRIVA CO, LLC**

Pursuant to 21 U.S.C. § 853(n) and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States of America ("United States" or the "Government"), moves to dismiss the Amended Verified Statement of Interest of Sugriva Co., LLC [ECF No. 396] ("Amended Petition"). The Amended Petition, filed by Sugriva Co., LLC, is the "second bite at the apple" attempt by an insider of Defendant Antle to retain control over forfeited assets, to wit, four chimpanzees. As the Government previously argued, and this Court acknowledged, there are only two legal bases to make a facially sufficient third-party ancillary claim to forfeited property pursuant to 21 U.S.C. § 853(n)(6): either the petitioner holds a superior interest to the government, or the petitioner was a bona fide purchaser for value. Sugriva's Amended Petition solely proceeds under a bona fide purchaser for value theory under 21 U.S.C. § 853(n)(6)(B) for the four chimpanzees identified as Tara, Angada, Vanera, and Joey and attempts to assert a superior interest

1

theory under 21 U.S.C. § 853(n)(6)(A) as to Joey alone. For the reasons below, Sugriva's Amended Petition lacks any factual and legal basis recognized by United States forfeiture jurisprudence that would make out a facially valid claim as a bona fide purchaser for value of the chimpanzees or a superior interest in the chimpanzee Joey, and failed to address the most basic elements of ownership delineated and required by this Court's Order [ECF No. 392] on the original Motion to Dismiss. The Amended Petition should be dismissed with prejudice, as a matter of law.

**Brief Procedural History**

This criminal case originated from a June 28, 2022, ten-count Indictment that was returned against Mr. Antle and four of his co-conspirators. Just before the Indictment, on June 17, 2022, the magistrate court ordered that Andrew Sawyer, a co-defendant in the underlying case, transfer ownership, and custody of "Joey"[1] the chimpanzee to the Center for Great Apes when requested by the Center as a condition of his bond. [ECF No. 38, p. 4]. On October 25, 2023, the Government filed a criminal Information against the Defendant, Mr. Antle, charging him with one count of conspiracy to violate the Lacey Act, and one count of conspiracy to commit money laundering. [ECF No. 223 at 3-8]. The Information included a forfeiture allegation, in which the chimpanzees Angada, Tara, and Vanera were listed as property subject to forfeiture. *Id*. at 9-10. Mr. Antle pleaded guilty to the counts in the Information. [ECF No. 234]. In his plea agreement dated August

---

[1] "Joey" is one of the four chimpanzees that is the subject of the Amended Petition. Joey was owned exclusively by Mr. Sawyer and never the property of Mr. Antle or his business entities. On December 29, 2023, a Criminal Information against Mr. Sawyer was entered, charging him with one count of conspiracy to commit money laundering. ECF No. 246. Mr. Sawyer's Information also included a forfeiture allegation. *Id*. at 5. Joey the chimpanzee was listed in the Information as property subject to forfeiture. *Id*. at 6. Mr. Sawyer pleaded guilty to the conspiracy to commit money laundering count. ECF No. 252. As part of his plea agreement, he agreed to voluntarily surrender and not contest the forfeiture of Joey. ECF No. 239 at 6-7. Moreover, Mr. Sawyer's plea agreement, like Mr. Antle's, confirmed under penalties of perjury that Mr. Sawyer had "a possessory or other legal interest" in Joey the chimpanzee. *See id*.

23, 2023, he agreed to voluntarily surrender and not contest the forfeiture of the chimpanzees. [ECF No. 211 at 7. Moreover, Mr. Antle's plea agreement confirmed under penalties of perjury that he had "a possessory or other legal interest" in the three chimpanzees. *See id*.

The United States moved for preliminary orders of forfeiture for the chimpanzees Angada, Tara, and Vanera as to Mr. Antle, and for Joey as to Mr. Sawyer. [ECF Nos. 253, 305]. The Court granted both motions and entered preliminary orders of forfeiture. [ECF Nos. 254, 307]. The preliminary orders stated that the court determined the chimpanzees were subject to forfeiture "based upon the provisions of the Plea Agreement," and "that the government has established the requisite nexus between the said property subject to forfeiture and the offense for which [Antle and Sawyer have] been convicted." [ECF Nos. 331-1 at 2, 355-1 at 2]. The preliminary orders also authorized seizure of the chimpanzees by the United States. [ECF Nos. 331-1 at 4, 355-1 at 4]. Further, the preliminary orders explained the proceedings for allowing third parties to assert a legal interest in the animals. The United States published notice of the preliminary orders and provided written notice to the extent practicable to any person known to have an alleged interest in the property. ECF Nos. 363, 369.

Sugriva filed a third-party petition [ECF No. 364] on August 15, 2025. The Government moved to dismiss the third-party petition [ECF No. 382] on September 11, 2025. Sugriva responded to the motion to dismiss [ECF NO. 386] on September 26, 2025, and the Government replied in opposition [ECF No. 388] on October 2, 2025. On June 12, 2026, the Court entered its Order Granting in Part and Denying in Part the Motion to Dismiss [ECF No. 392] ("Order"). In the Order, the Court ruled that as to its claim of superior ownership, Sugriva failed to state a claim for three of the four chimpanzees and failed to adequately plead a claim as to the fourth chimpanzee, Joey. The Court gave leave for Sugriva to amend its claim as to Joey under a successor

in interest theory. The Court also ruled that Sugriva failed to adequately plead facts to state a claim under a bona fide purchaser for value theory and gave leave to Sugriva to file an amended petition as to this theory, with the caveat that any amended petition must separately address seven indicia of ownership as to each of the chimpanzees.

On July 6, 2026, Sugriva filed the Amended Petition.

**Legal Argument**

### I.    Legal Standard for Dismissal

Rule 32.2 of the Federal Rules of Criminal Procedure specifically authorizes the Court, on motion, to dismiss a third-party petition for "for lack of standing, for failure to state a claim, or for any lawful reason." Fed. R. Crim. P. 32.2(c)(1)(A). In addition, because ancillary forfeiture proceedings are essentially civil in nature, a petition may be dismissed by a motion pursuant to Rule 12 of the Federal Rules of Civil Procedure. *See United States v. Gilbert*, 244 F.3d 888, 907 (11th Cir. 2001); *United States v. Cohen*, 243 F. App'x 531, 534 (11th Cir. 2007). Prior to discovery or a hearing, a motion to dismiss a petition should be treated like a motion to dismiss a civil complaint under Rule 12(b) of the Federal Rules of Civil Procedure. *United States v. Marion*, 562 F.3d 1330, 1342 (11th Cir. 2009) (*citing Pacheco v. Serendensky*, 393 F.3d 348, 352 (2d Cir. 2004)). In considering a motion to dismiss, the court presumes the facts set forth in the petition to be true. Fed. R. Crim. P. 32.2(c)(1)(A). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (establishing same standard for a Rule 12(b)(6) motion); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (same). To survive a motion to dismiss, a petition "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Although at the pleading stage a petition's allegations need not be proven, the petition "must do more than simply assert" the petitioner's interest, or "state that

4

interest in a conclusory fashion." *United States v. Kokko*, No. 06–cr–20065, 2007 WL 2209260, at *5 (S.D. Fla. July 30, 2007). "The showing may not be a heavy burden, but it is a burden nonetheless." *Kokko*, 2007 WL 2209260, at *5.

If a petitioner "fails to allege all elements necessary for recovery, including those relating to standing, the court may dismiss the petition without a hearing." *United States v. Perkins*, 382 F. Supp. 2d 146, 149-50 (D. Me. 2005); *see also United States v. BCCI Holdings (Luxembourg) S.A.,* 956 F. Supp. 1, 4 (D.D.C. 1996)("If a third party fails to allege in its petition all elements necessary for recovery . . ., the court may dismiss the petition without providing a hearing"); *United States v. Lima,* 2011 WL 5525339, at *2 (M.D. Fla. 2011)(dismissing petition where only "conclusory allegations" are made); *United States v. Pegg*, 1998 WL 34309460, at *2 (M.D. Ga. 1998)("Failure to file a petition that satisfies the requirements of § 853(n)(3) is grounds for dismissal without a hearing.").

## II.    The Amended Petition Fails to State a Claim Upon Which Relief May be Granted

Based on the plea agreements for Mr. Antle and Mr. Sawyer, the corresponding Preliminary Orders of Forfeiture, the judicial record here, and pursuant to 18 U.S.C. § 981 and 28 U.S.C. § 2461(c), the Court ordered the forfeiture of the chimpanzees from Mr. Antle and Mr. Sawyer. [ECF No. 254, 307.]

This ancillary proceeding is confined to determining whether Sugriva can demonstrate, by a preponderance of the evidence, that it is entitled to relief under 21 U.S.C. § 853(n)(6), which "'protects only two classes of petitioners, those whose legal interests in the property were superior to the defendant['s] at the time the interest of the United States vested through the commission of the act giving rise to forfeiture and 'bona fide purchasers for value' without knowledge of the forfeitability of the defendant's assets.'" *See United States v. Watkins*, 320 F.3d 1279, 1282 (11th

Cr. 2003) (quoting *United States v. Kennedy*, 201 F.3d 1324, 1328-29 (11th Cir. 2000)) (internal quotations omitted)(emphasis added). These are the two sole grounds for Petitioner's recovery. *See Kennedy*, 201 F.3d at 1335. To state a claim upon which relief may be granted, a petition must assert at least one of these grounds. *See id.; United States v. Hailey*, 924 F. Supp. 2d 648, 658 (D. Md. 2013) ("The availability of a motion to dismiss indicates that to state a claim, one of the § 853(n)(6) bases must be pled."); *United States v. Reckmeyer*, 836 F.2d 200, 203 (4th Cir. 1987)(holding that § 853(n)(6) provides protection to two classes). A third-party petition that fails to satisfy pleading requirements is subject to dismissal without a hearing. *See, e.g.*, *United States v. BCCI Holdings (Luxembourg), S.A.*, 956 F. Supp. 1, 4 (D.D.C. 1996) ("If a third party fails to allege in its petition all elements necessary for recovery, including those relating to standing, the court may dismiss the petition without providing a hearing.").

The Amended Petition fails to state a viable claim under either 21 U.S.C. §§ 853(n)(6)(A) as to Joey or (n)(6)(B) as to any of the chimpanzees and the Amended Petition should be dismissed.

**A. The Court's Order stated exactly what it required of any future amended petition filed by Sugriva; the Amended Petition did not meet those requirements.**

The Court's Order made very clear that Sugriva's initial Petition was deficient of facts to establish a claim as a bona fide purchaser for value under Section 853(n)(6)(B) or a superior interest claim under Section 853(n)(6)(A). The Court gave Sugriva leave to amend but required the future petition to

> plead the asserted legal interest separate for each chimpanzee. At a minimum, the amended petition must identify: (1) the precise nature of the interest asserted; (2) the transferor and transferee; (3) the date and circumstances of acquisition; (4) the transfer instrument, agreement, or other source of legal title; (5) the consideration allegedly exchanged and whether it was bargained for at the time of acquisition; (6) the legal basis for ownership rather than mere custody or possession; and (7) the facts supporting Sugriva's assertion that, at the time of acquisition, it was reasonably without cause to believe the chimpanzees were subject to forfeiture.

[ECF No. 392, p. 9] The Amended Petition did not address the requirements from the Court's Order. The Amended Petition fails to separate each of the four chimpanzees and give a date certain on which a legal interest was created, it fails to identify any agreement or instrument by which transferred ownership actually occurred, it fails to identify the transferor and transferee, it fails to explain the consideration for the alleged transfer, and it fails to identify a legal basis for ownership other than a claim for equity that is not recognized by federal forfeiture law.

The two things Sugriva makes clear in the Amended Petition, however, are that 1. Sugriva did not purchase the chimpanzees, *see* Amended Petition, para. 31 ("[a]lthough Petitioner never truly bought the animals in violation of the law…") and further that 2. Sugriva was aware that a potential forfeiture of the chimpanzees was in play in the criminal case, *see* ECF No. 168, pp. 7, line 18-23, Transcript quoted by Sugriva in the Amended Petition. Simply put, Sugriva conveniently failed to address the Court's Order because it has no facts to support any of the listed indicia of ownership.

**B. The Amended Petition fails to allege an interest in Joey that is superior to the Government's interest under 21 U.S.C. § 853(n)(6)(A).**

To prevail on a superior interest claim under 21 U.S.C. § 853(n)(6)(A), a petitioner must establish "priority of ownership at the time of the offense. . . ." *United States v. Timely*, 507 F.3d 1125, 1130 (8th Cir. 2007). Said another way, the petitioner can only prevail in the ancillary proceeding if he or she can establish that they had a "legal interest in the forfeited property before the underlying crime was committed." *Id*. (emphasis added).

This is so because pursuant to 21 U.S.C. § 853(c), "all right, title, and interest in" a property subject to forfeiture "vests in the United States upon the commission of the act giving rise to forfeiture …." *See* 21 U.S.C. § 853(c); *see also United States v. Gilbert*, 244 F.3d 888, 902 n.38

(11th Cir. 2001) (holding that under the relation back doctrine codified in § 853(c), the Government's interest dates back to the time of the act that made the property subject to forfeiture; Congress included the provision to prevent a defendant from attempting to transfer his property to a third party prior to his conviction). Combining the statutory requirements for establishing a superior interest with the relation back theory means that "Section 853(n)(6)(A) is likely never to apply to proceeds of the crime" because proceeds cannot precede the crime itself. *See United States v. Sabatino*, 2018 WL 2074191, at *4 (S.D. Fla. Apr. 13, 2018).

This Court previously explained that any argument under 21 U.S.C. § 853(n)(6)(A) as to Joey should "identify the predecessor entity, the transferor, the transfer instrument, the legal nature of the predecessor's interest, [and] how Sugriva succeeded to that interest." [ECF No. 392, p. 7]. Despite this directive, Sugriva merely suggests that Joey was "abandoned" by Sawyer, Antle, and the Government. *See* [ECF No. 396, p. 5 ¶ 35]. This is demonstrably false even based on the most cursory look at the case. Sawyer and the Government were locked in heated and contested legal proceedings over Joey for years. In fact, a federal district court in Missouri had ordered Sawyer to turn Joey over to a facility for primates after finding Sawyer violated the Endangered Species Act. *See Mo. Primate Foundation et al., v. PETA et al.*, 4:16-cv-02163 (E.D. Mo., Nov. 20, 2019). Then, after indictment in the District of South Carolina, on June 17, 2022, the Magistrate Court ordered Sawyer, as a condition of his bond, to relinquish custody of Joey to the Center for Great Apes. [ECF No. 38, p. 4.] Petitioner's failure to identify the predecessor entity, the transferor, the transfer instrument or the precise legal nature of anyone's interest in Joey has not been pled because none of it exists. Sawyer fled to South Carolina with Joey in 2016 and there is no legal instrument transferring Joey to Antle, Myrtle Beach Safari, or Sugriva.

The best the Amended Petition does is to simply explain that Joey and Andrew Sawyer came to live at Myrtle Beach Safari with Antle in December 2016. The lone statement that Joey resided at the Myrtle Beach Safari hardly suffices to establish any legal ownership interest in Joey by anyone much less Sugriva. *See* ECF No. 396, p. 6 ¶ 41. In fact, the Amended Petition carefully sidesteps identifying any transfer of Joey and/or the identity of the transferee.   The Amended Petition coyly states that Joey "became a part of the chimpanzee family unit at Myrtle Beach Safari," but it never alleges that any legal interest was transferred between two parties. *See id*.

The Amended Petition fails to establish standing, much less a claim to Joey, under 21 U.S.C. § 853(n)(6)(A) and therefore Sugriva's Amended Petition as to Joey should be denied with prejudice.

**C. Sugriva admits it is a not a bona fide purchaser for value pursuant to 21 U.S.C. § 853(n)(6)(B).**

Sugriva filed its Amended Petition asserting a claim that it is a bona fide purchaser for value, however, such an assertion is contrary to the facts Sugriva has alleged in its filing. Title 21, United States Code, Section 853(n)(6)(B) provides that the Court should recognize the interest of a petitioner who establishes, by a preponderance of the evidence, that "the petitioner is a bona fide <u>purchaser</u> for value of the right, title, or interest in the property and was at the time of purchase <u>reasonably without cause to believe that the property was subject to forfeiture</u> …." *See* 21 U.S.C. § 853(n)(6)(B)(emphasis added). Put succinctly, a bona fide purchaser "is generally understood to mean 'one who has purchased property for value without notice of any defects in the title of the seller.'" *United States v. Suarez*, 716 Fed. A'ppx. 937, 938 (11th Cir. 2018)(quoting *United States v. Watkins*, 320 F.3d 1279, 1283 (11th Cir. 2003)). This Court emphasized this provision and directed Sugriva to address this very prong by stating "the consideration allegedly exchanged and whether it was bargained for at the time of acquisition." [ECF No. 392, p.9].

9

The Amended Petition not only fails to allege facts sufficient to establish the elements of a Section 853(n)(6)(B) claim, but it also states facts laying out exactly why Sugriva is *barred* from asserting its claim, therefore, dismissal is required and should be issued with prejudice.

1. **Sugriva admits it was not a "Purchaser" of the Chimpanzees.**

At the outset, it bears emphasizing that the assertion that Sugriva's claimed interest in the chimpanzees under an equitable argument is unsupported by the law. Sugriva argues in the Amended Petition that it "has an equitable interest in all of the Chimpanzees due to the goods and services provided to them." Amended Petition, para. 33. Sugriva also cites to a "common law doctrine of the law of finds" as another equitable basis for its purported ownership interest, *id*. at para. 34-35, and claims that it has an "equitable interest in the chimpanzees; because the return to petitioner's care is what is in the best interests of the chimpanzees." *Id.* at 37.

A "legal interest" is exactly that: a <u>legal</u> interest, not an equitable interest. The Eighth Circuit explained, in the context of a third party ancillary forfeiture proceeding, that legal interest is a plain or ordinary meaning, the court "turn[ed] to Black's Law Dictionary, which defines a 'legal interest' as 'an interest that has its origin in the principles, standards, and rules developed by courts of law as opposed to courts of chancery.' Therefore, the term 'legal interest' encompasses only legally protected rights, not equitable rights." *U.S. v. Timely,* 507 F.3d 1125, 1129 (8th Cir.2007) (internal citations omitted).

Sugriva has not asserted in the Amend Petition that it "purchased" the chimpanzees from Mr. Antle and his Myrtle Beach Safari, yet a "bona fide purchaser for value" requires a <u>purchase</u> to occur. Instead, Sugriva states that it gave value by "taking on significant investment of time and money into caring for the animals" (*Id*., para. 27) and "invested time, money, and energy into

10

caring for the chimpanzees" (*Id.*, para. 28), however those acts are different from a purchase.[2] And, as argued *supra*, Sugriva did not even state from whom it acquired its purported legal interest in the chimpanzees. There is no explanation of what consideration could have been provided or when it was exchanged. If there was a bargained-for exchange of the Chimpanzees and other assets of the Myrtle Beach Safari, T.I.G.E.R.S., Preservation Station or any other related entity to Sugriva Co. LLC, the forty-four paragraphs in the Amended Petition omit such crucial factual elements. Therefore, Petitioner's assertion of interest as a bona fide purchaser for value fails on its face requiring dismissal of the petition.

Other courts have rejected claims of ownership where the claimant did not "purchase" the property at issue for fair market value or in an arm's length transaction. *See United States v. Munson*, 477 F. App'x. 57, 67–68 (4th Cir. 2012) (holding that only persons who acquire the property in an arm's-length transaction can be bona fide purchasers for value and mother who acquired property from her son for no consideration, but assumed joint liability for the mortgage, was not a bona fide purchaser); *cert. denied*, 568 U.S. 903 (2012); *United States v. 10150 NW 133 St.,* 278 F. App'x. 880, 883 (11th Cir. 2008) (claimant's assertion that she did not know the money given to her by her daughter to buy property was fraud proceeds was irrelevant; because claimant gave nothing of value for the proceeds, she was not a bona fide purchaser under § 983(d)(3), and so could not contest forfeiture of the property she acquired with the proceeds); *United States v. 148 Maunalanikai Place*, No. 07–00049 HG LEK, 2008 WL 3166799, *10 (D. Haw. Aug. 6, 2008) (holding that bona fide purchaser requirement applies only to persons who acquire the property in

---

[2] It is also worth noting for the Court that any funds that may have been extended by Sugriva for the care of the chimpanzees were not spent for some philanthropic or noble cause – Sugriva was displaying and using the chimpanzees to make money at the wildlife park where Defendant Antle was committing the crimes.

an arm's-length transaction, not to transfers between husband and wife); *United States v. White*, 306 F. App'x 838 (5th Cir. 2007) (finding that a donee is not a bona fide purchaser for value); *United States v. Reckmeyer*, 836 F.2d 200, 208 (4th Cir. 1987) ("'bona fide purchaser for value' must be construed liberally to include all persons who give value to the defendant in an arms' length transaction with the expectation that they would receive equivalent value in return"); *United States v. Soreide*, 461 F.3d 1351, 1355-56 (11th Cir. 2006)("The criminal forfeiture statutes allow a third party to avoid forfeiture of her interest in an asset if that third party establishes that she purchased that interest for fair market value without reasonable notice that the asset was subject to forfeiture.").

Because an element of bona fide purchaser for value is a purchase, *See Suarez*, 716 Fed. A'ppx. at 938, Sugriva did not purchase the chimpanzees, and it pleaded in the Amended Petition that it did not purchase the chimpanzees; its claim is deficient on its face.

As the Government previously raised in the first Motion to Dismiss, it is not legal to purchase chimpanzees. To do so would violate the Endangered Species Act and violate federal law and one that cannot give rise to a legal interest. The very basis of the criminal case against Mr. Antle involves the criminal transfer, purchase, and receipt of these endangered chimpanzees in violation of the Lacey Act and the Endangered Species Act. Put differently, one cannot be a bona fide purchaser for value of these endangered species, which had been illegally transferred and sold. *See United States v. 144,774 lbs Blue King Crab*, 410 F.3d 1131, 1135 (9th Cir. 2005) (innocent owner defense does not apply to forfeiture of illegally imported goods under the Lacey Act because such goods are "property that it is illegal to possess" within the meaning of § 983(d)(4); the contraband exemption is not limited to inherently illegal property, but also includes property that "may be legally possessed in some circumstances but that becomes illegal to possess in others");

*cert. denied*, 546 U.S. 1075 (2015); *United States v. Etched Ivory Tusk of Afr. Elephant*, 871 F. Supp. 2d 128, 141 (E.D.N.Y. 2012) (an illegally imported endangered species is "contraband" for purposes of § 983(d)(4)); *Conservation Force v. Salazar*, 677 F. Supp. 2d 1203, 1207 (N.D. Cal. 2009) (carcasses of endangered species of animals are not contraband per se but are illegal to possess under CITES, and thus fall within the exception to the innocent owner defense in § 983(d)(4)); aff'd, 646 F.3d 1240 (9th Cir. 2011); *cert. denied*, 565 U.S. 1261 (2012); *United States v. 1866.75 Bd. Ft.*, 587 F. Supp. 2d 740, 751 (E.D. Va. 2008) (endangered species of wood imported in violation of the Endangered Species Act was illegal to possess within the meaning of § 983(d)(4)); *aff'd sub nom. United States v. Thompson*, 332 F. App'x 882 (4th Cir. 2009); *United States v. Approx. 600 Sacks Green Coffee Beans*, 381 F. Supp. 2d 57, 62 (D.P.R. 2005) (innocent owner defense asserted by importer of coffee beans was barred by § 983(d)(4) because illegally imported beans are contraband); *United States v. 160 Cartons Glass Water Pipes*, No. 12–8965–BRO (VBKx), 2014 WL 936293, *7 (C.D. Cal. Mar. 10, 2014) (even if the innocent owner defense applied to a forfeiture under § 1595a(c), it would not apply to the importation of drug paraphernalia because that is contraband under § 863); *United States v. Approx. 1,170 Carats Rough Diamonds*, No. 05-CV-5816 (ARR)(MDG), 2008 WL 2884387, *9 (E.D.N.Y. July 23, 2008) (importing diamonds in violation of Clean Diamond Trade Act is a strictly liability offense; there is no innocent owner defense).

The Petitioner's claim of an equitable interest based on the "best interests of the chimpanzees" not only fails because it does not assert a legal interest, but it fails as a factual assertion. Petitioner cites a paper published by Dr. Katherine Cronin to support its claim. *See* Amended Petition ¶ 38. That is the very same Dr. Katherine Cronin who evaluated the chimpanzees at Antle's facility in late 2023, and concluded that:

> Angada, Tara and Vanara are young chimpanzees being human-reared at Myrtle Beach Safari and participating in public interactions. Human rearing and extensive human exposure have been scientifically demonstrated to be detrimental to the long-term well-being of chimpanzees. Furthermore, research has shown that the longer chimpanzees experience extensive human contact, the poorer their prognosis for adult behavior and welfare . . . Given the time-sensitive nature of the intervention, I recommend they be transferred to an accredited sanctuary as soon as possible to initiate the process. Transferring Angada, Tara and Vanara to an accredited sanctuary would also provide them with larger habitats, larger social groups, greater habitat complexity, greater physical comfort, safer environments, and more species-typical enrichment during their lifetimes. All of these changes would be associated with improved lifetime welfare for these chimpanzees.

Dr. Cronin's report was previously provided to this Court, in full, as part of the related case *Chestnut v. United States,* No. 25-cv-9700 (2025), ECF no. 15, att. 1 (dismissed without prejudice).

Sugriva's assertion of interest as a bona fide purchaser for value, which alleges solely equitable interests in order not to claim an illegal purchase, fails on its face and requires dismissal of the petition with prejudice.

2. **Sugriva was on notice of the potential forfeiture of the chimpanzees.**

Dismissal is also required because Sugriva contradicts is own allegation that it lacked knowledge of the Government's forfeiture interest in the chimpanzees at the time it acquired the chimpanzees by admitting that the Indictment contained forfeiture allegations for the Lacey Act violation, *see* Amended Petition, para.1. It bears emphasizing that "it is the claimant's responsibility to prove the *absence* of actual knowledge." *United States v. Carrell*, 252 F.3d 1193, 1203 (11th Cir. 2001) (emphasis in original). Sugriva, of course, had actual knowledge of the "defects" in the title to these chimpanzees. The Court may take judicial notice that the federal litigation surrounding Mr. Antle, and the Myrtle Beach Safari was on full public view no later than

June 1, 2022, when the initial federal complaint and accompanying affidavit were unsealed. ECF No. 11. Sugriva states in the Amended Petition that it "was established in October 2022" (Amended Petition, para. 17) – after the filing of that federal complaint – there has not been a single day that Sugriva has existed as an entity where it was not on notice of the Government's forfeiture interest in the chimpanzees. Mr. Antle and Mr. Sawyer's illegal wildlife trafficking violations were further spelled out in the Indictment released on June 29, 2022.

The Indictment alleged violations of the Lacey Act in Counts 5 and 6 for offense conduct involving chimpanzees and contained a corresponding forfeiture allegation stating the United States would be pursuing forfeiture of "[a]ll … wildlife … imported, exported, transported, sold, received, acquired, or purchased contrary to the provisions of [the Lacey Act]." *See* Indictment, pp. 8-9, 13. The fact that chimpanzees were listed in Counts 5 and 6 of the Indictment as the subject of a Lacey Act violation, and a corresponding forfeiture allegation for a Lacey Act violation was included in the Indictment is more than sufficient to put a reasonable person on actual notice that chimpanzees were subject to forfeiture in the criminal case. Sugriva's notice of the defects is not an academic matter–the principal of Sugriva, China Tork, lived at the same address as both Defendant Antle and Defendant Sawyer at the time of the government's search warrant, at the time of their arrest, and during the entire pendency of the case. Defendant Antle and Ms. York were both principals of related businesses, and Defendant Antle regularly called Ms. York while in prison, before the existence of Sugriva, to discuss the chimpanzees with her.

Petitioner alleges that because the chimpanzees were not individually "named" in the forfeiture allegation that somehow the Government was not pursuing forfeiture of the animals. Quite the contrary, the law holds that the Government need not identify the specific property subject to forfeiture as simply including the appropriate forfeiture notice is sufficient. *See* Fed R.

Crim. Pro. 32.2(a)("The indictment or information need not identify the property subject to forfeiture or specify the amount of any forfeiture money judgment that the government seeks.").

Sugriva does not deny knowledge of Antle and Sawyer's underlying criminal actions. Instead, Sugriva contends that despite its knowledge and the criminal convictions of Antle and Sawyer that somehow all parties involved in the criminal proceedings (Antle, Sawyer, and the Government) "abandoned" the Chimpanzees during the ongoing legal proceedings. The Amended Petition, however, identifies no legal filings or statements on the record evidencing the alleged "abandonment" of these chimpanzees. Instead, the legal filings and proceedings show that Sawyer, Antle, and the Government litigated the forfeitability of these chimpanzees from the outset of the criminal charges and on through these post-sentencing proceedings. Confusingly, the Amended Petition alleges that "Petitioner went through the proper legal hurdles to obtain an ownership interest in the Chimpanzees." [ECF No. 396, ¶18]. The Amended Petition, however, fails to identify what these "proper legal hurdles" were. This Court specifically directed Sugriva to identify the transferor, transferee, and the transfer instrument or agreement giving rise to Sugriva's interest in the Chimpanzees. Merely stating that one went through "proper legal hurdles" does not satisfy Sugriva's burden on this crucial element.

Sugriva attempts to explain why it erroneously believed that the Government approved or validated the transfer of the chimpanzees to it in 2022, despite the Government's public position on forfeiture to the contrary. Amended Petition, para. 24. 26, 30, and 34. These explanations only evidence that Sugriva had knowledge that forfeiture was "on the table" in the first place, thus it cannot make a facially valid claim that it was without knowledge of the forfeiture.

Sugriva has failed to allege, and its own verified Amended Petition shows it *cannot* allege, the required element that <u>at the time it acquired its purported interest</u> in the chimpanzees, Sugriva

16

was reasonably without cause to believe that the chimpanzees were subject to forfeiture pursuant to 21 U.S.C. § 853(n)(6)(B), and therefore its Amended Petition should be dismissed with prejudice.

III.    **This Court should dismiss the petition because Sugriva lacks standing.**

Dismissal of the Amended Petition is further warranted because Sugriva lacks standing to contest the forfeiture. "A claimant must establish both statutory and Article III standing." *United States v. Approximately $252,140.00 in US Currency*, 532 F. Supp. 3d 334, 338 (W.D.N.C. April 2, 2021). "[T]he touchstone for standing is the possession of a legal interest in the forfeited property." *United States v. Oregon*, 671 F.3d 484, 490 (4th Cir. 2012).

The court "must look to state law to see what interest a claimant has in the property to be forfeited, but must look to federal law to determine whether that interest is forfeitable under the relevant statute." *United States v. Real Property Known as 4401 Collins Ave.*, 2016 WL 1546425, at *2 (S.D. Fla. April 15, 2016); *United States v. Certain real Prop. Located at 2525 Leory Lane, W. Bloomfield, Mich.*, 910 F.2d 343. 348 (6th Cir. 1990(same). "Where the petitioner has no valid interest in the property under state law, the inquiry ends, and the claim fails for lack of standing." *United States v. Watts*, 786 F.3d 152, 161 (2d Cir. 2015) (internal quotation marks omitted). Courts have found third parties to have standing when the party asserts a colorable ownership interest in the property. Courts have demanded additional supporting or explanatory facts when a petitioner asserts standing based on possession. *See United States v. $515,060.42 in U.S. Currency*, 152 F.3d 491, 498 (6th Cir. 1998)("due to concerns about 'straw man' transfer, 'naked possession' claims are insufficient to establish standing. When confronted with mere physical possession of property as a basis for standing, we require some explanation or contextual information regarding the claimant's relationship to the seized property."); *United States v. $31,000 in U.S. Currency*, 774 F.

App'x 288, 291 (6th Cir. 2019)(explaining need for additional explanatory evidence for those alleging possessory interest). The need for additional explanation in possessory cases is understandable. "After all, if a person possessed property illegally, he would suffer no injury if the government took that property; he had no legal interest in the property to begin with." *Id*. at 291.

While the Amended Petition makes a fleeting references to an "ownership interest," this bare allegation is insufficient to confer standing on Sugriva. ECF No. 396, ¶18; *see United States v. Hailey*, 924 F. Supp. 2d 648, 658 (D. Md. 2012)("[T]he law requires more than a bare assertion of legal title to establish the nature and extent of petitioner's right, title or interest in the subject property.") (internal quotation marks and citations omitted). At best, the Amended Petition alleges a mere regulatory license or possessory interest in the chimpanzees that does not amount to standing. ECF No. 396, ¶34-35. Alternatively, Sugriva lacks standing because it is merely the alter ego of Mr. Antle.

### A.  Sugriva Lacks Standing Because a USDA License Does Not Convey Ownership.

Property interests are defined by state law. The Fourth Circuit recently addressed licensee-based property interests in *Brady v. City of Myrtle Beach*, 137 F.4th 233 (4th Cir. 2025). In *Brady*, a number of bar owners in Myrtle Beach sued the city alleging a taking when their business licenses were revoked. The City of Myrtle Beach argued that the revocation of the licenses and increased police enforcement were necessary given the unbridled criminal activity occurring at the establishments. The case proceeded to trial and a directed verdict was granted to the City of Myrtle Beach. The bar owners appealed and the Fourth Circuit affirmed the order.

In reaching its conclusion, the Fourth Circuit began with an assessment of the property interest at stake in the case. The Fourth Circuit noted that the bar owners did not have a "protected property interest in their business licenses. Under South Carolina law, 'an interest that depends

18

totally upon regulatory licensing is not a property interest.'" *Id*. at 239 (quoting *Mibbs, Inc. v. S.C. Dep't of Revenue*, 524 S.E.2d 626, 628 (S.C. Sup. Ct. 1999). The court further explained that "[s]ince the days of the Early Republic, it has been well understood that an individual does not have a property interest in mere privileges which belong to private people only so long as the legislature allowed them to exist." *Id*. (internal citations and quotation marks omitted).

This line of reasoning applies in the current case because Sugriva's Amended Petition centers on Sugriva obtaining a USDA exhibitor's license in October 2022 for a number of exotic animals. The issuance of a regulatory license has no bearing on the Government's forfeiture interest in these chimpanzees. The USDA is not and was not a part of the prosecution team. The reference to and reliance on a USDA exhibitor's license is a complete red herring for the Court. USDA's issuance of an exhibitor license to Sugriva in no way shape or form transferred or conveyed any ownership or property interest in any of the animals from Mr. Antle to Sugriva much less from the Government to Sugriva. The exhibitor's license obtained by Sugriva was a permit to exhibit unspecified animals. A USDA license for a facility does not equate to legal ownership. In fact, such a license can be issued for animals "owned, held, maintained, sold, exhibited, or leased." *See* https://www.aphis.usda.gov/sites/default/files/license-app-pack-with-dogs-cats-and-other-animals.pdf  (last visited July 14, 2026) (emphasis added).

The issuance of a USDA license during the pendency of criminal legal proceedings is like obtaining a new registration or title for a car subject to forfeiture. For example, if a drug dealer's car is subject to forfeiture because he drove it around for drug transactions, the drug dealer's girlfriend might go to the state DMV and obtain a new title and registration for the vehicle. The issuance and receipt of the title and registration, however, could not extinguish the Government's interest in the drug dealer's car because the ministerial act of issuing a new title does not trump

19

the Government's interest under the relation back doctrine. It also does not establish that the girlfriend is a bona fide purchaser for value of the vehicle. Because Sugriva's property interest in the four chimpanzees consists of merely an exhibitor's license issued by the USDA, Sugriva has not asserted a property interest that is sufficient to establish standing in this case. Sugriva's only property interest is in a license (subject to the issuance and approval of the Government) and not in the animals, themselves. The claim should be dismissed for lack of standing.

To the extent Sugriva's Amended Petition is read to allege a possessory interest in the chimpanzees based on a transfer from Mr. Antle to Sugriva in October 2022 that interest similarly fails to meet the Article III and statutory standing requirements. While the law recognizes that possession is evidence of ownership, *Willcox v. Stroup*, 467 F.3d 409, 412-13 (4th Cir. 2006), Sugriva's Amended Petition does nothing more than allege that it is "the licensed entity responsible for the care and daily operations of the animal facility." [ECF 396, ¶ 17]. As explained *supra*, the Amended Petition failed to address the Court's Order and provides no details on the exact type of property interest transferred, the date of the transfer, exactly what property was transferred, the purchase price for the assets transferred, or the length of the interest in the transferred property. As addressed above, this is likely because any such sale or transfer would contravene the Lacey Act, the Endangered Species Act, and the Court's September 14, 2022, order. It also violates the plea agreements for Mr. Antle and Mr. Sawyer, which were entered into after October 2022, explicitly state that Mr. Antle and Mr. Sawyer owned the respective chimpanzees in 2023 – not Sugriva*See* ECF Nos. 211, 239. The result being, of course, that Sugriva's possessory interest is an illegal, unrecognizable interest.

**B. Sugriva Lacks Standing Because it is not "Someone Other Than the Defendant"**

In order to assert a third-party interest, the petitioner must be someone "other than the Defendant." *See* 21 U.S.C. § 853(n)(2)("Any person, <u>other than the defendant</u>, asserting a legal interest in property which has been ordered forfeited . . .  may petition the court . . . .") (emphasis added).

> The rationale for the rule that bare legal title may be insufficient [for standing] is based on a candid determination that things are often not what they appear to be, .... In brief, people engaged in illegal activities often attempt to disguise their interests in property by placing title in someone else's name. ... In short, courts look behind the formal title to determine whether the record title owner is a 'strawman' set up to conceal the financial affairs of illegal dealings of someone else.

*United States v. A Single Family Residence & Real Property Located at 900 Rio Vista Blvd*., 803 F.2d 625, 630 (11th Cir. 1986)(internal quotation marks and omissions omitted). Here, there is ample evidence on the record that Sugriva is simply a "strawman" set up to protect the assets of Defendant Antle. Indeed, the principal of Sugriva and signor of the Amended Petition, Ms. York, is the longtime romantic partner of Defendant Antle and created Sugriva as a mechanism to keep his business afloat while he was incarcerated. Defendant Antle discussed this during a bond hearing:

> [Antle] is sole member of an LLC that owns the real estate on which the Myrtle Beach Safari sits. That LLC will retain ownership, my understanding is, will retain ownership when Myrtle Beach Safari is transferred to Sugriva. And the Myrtle Beach Safari will then be paying the LLC rent for the purposes offering. So, there is still a -- there is still a tie to the Safari from the standpoint he will be the sole member of an LLC that owns that.

*See* ECF no. 168 at p. 31-32.

Sugriva admitted the same when, in its initial petition, it described Defendant Antle and Myrtle Beach Safari as the "predecessor" to Sugriva. *See* ECF No. 364 at ¶ 6. A successor corporation is not a third party, especially in a case such as this, where the successor corporation shares the same address, business affairs, assets, properties, employees, and continued operating

under the same business name. *See United States v. BCCI Holdings (Luxembourg), S.A.,* 795 F. Supp. 477, 480 (D.D.C. 1992)(finding that substantial similarities between an independent corporation and defendant made the independent corporation unable to assert a third-party interest because it was a de facto alter ego of defendant). As this Court is also aware, Defendant Antle, at his sentencing hearing, spent significant time arguing that he should not go to prison because he was the only person at the Myrtle Beach Safari that could care for the animals there. The report by Dr. Katherine Cronin, referenced *supra*, also states that when she visited in November 2023, Defendant Antle and Defendant Sawyer were the individuals that were caring for the chimpanzees, without mentioning Ms. York or Sugriva. *See Chestnut v. United States*, No. 25-cv-9700 (2025), ECF no. 15, att. 1 (dismissed without prejudice).

Simply put, there is no way to separate Sugriva from Defendant Antle, and Sugriva has alleged no facts showing that the "transfer" or animals was an arm's-length transaction. Sugriva cannot do so, as it is the alter-ego of the Defendant and therefore lacks standing to assert a third-party interest.

### C.  Common-law Doctrine of Finds Does Not Apply to 21 U.S.C. § 853(n)

Petitioner also alleges that its claim should be recognized based on the common-law doctrine of finds. As discussed above, Congress has explicitly set forth two avenues for establishing relief from forfeiture in 21 U.S.C. § 853(n)(6). Conspicuously, the doctrine of finds is not found anywhere in the statutory forfeiture framework. This Court should not recognize such additional avenues for claims when Congress has set forth the precise nature of interests that are cognizable under federal law. Doing so would run contrary to the canon of statutory construction of *expressio unius est exclusion alterius*.

22

The doctrine of finds does not apply to these forfeiture proceedings as it is an ancient admiralty concept of "'finders, keepers.'" Lindsey, Gleason, *Possession and the Abandoned Shipwreck Act: Promoting the Discovery of Historic Shipwrecks and Preventing an Unconstitutional Destruction of Federal Admiralty Jurisdiction*, 2007 Mich. State L. Rev. 1017, 1024 (2007). "The law of finds will only apply when the discovered property has been previously abandoned." *Id*. The four chimpanzees at issue were never lost or abandoned. We know this because the federal magistrate and district courts have been involved in the litigation of these animals through the pending of the criminal litigation.

**Conclusion**

The Court should dismiss Sugriva's Amended Petition because it fails under each, and every legal test applied to it: Sugriva failed to set forth facts sufficient to meet the bona fide purchase for value test. Sugriva failed to set forth a superior interest in Joey based on its alleged successor entity. Sugriva further failed to set forth facts sufficient to establish Article III and statutory standing.

This Court provided Sugriva with a second bite at the apple and even set forth seven factors for Sugriva to address in any amended petition. After its second attempt, Sugriva has not addressed these seven factors relevant to standing and claims under 21 U.S.C. § 853(n)(6). The entirety of the Amended Petition should be dismissed with prejudice.

[SIGNATURE PAGE TO FOLLOW]

RESPECTFULLY SUBMITTED,

Bryan P. Stirling
UNITED STATES ATTORNEY

By: *s/Carrie Fisher Sherard*
Carrie Fisher Sherard #10134
Assistant United States Attorney
55 Beattie Place, Suite 700
Greenville, SC 29601
Carrie.A.Fisher@usdoj.gov
(864) 282-2100

Adam R.F. Gustafson
PRINCIPAL DEP. ASST. ATT'Y GEN.
ENERGY AND NATURAL
RESOURCES DIVISION

/s/ Patrick Duggan
Patrick M. Duggan
Senior Trial Attorney
Environmental Crimes Section
U.S. Department of Justice

/s/ Emily Stone
Senior Trial Attorney
Environmental Crimes Section
U.S. Department of Justice